■ In the Matter of DORMITORY AUTHORITY OF THE STATE OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property for BARUCH COLLEGE. JAMES DAVIS, Appellant, et al., Respondent. [713 NYS2d 873] —Order, Supreme Court, New York

County (Stanley Parness, J.), entered on or about December 17, 1999, which granted the condemnor's motion for summary judgment dismissing claimant's compensation claim, unanimously affirmed, without costs.

Claimant, as a statutory, month-to-month tenant, had no cognizable claim to be compensated for the extinguishment of his tenancy when the building in which his tenancy had been located was duly condemned. Claimant's rights of procedural due process under the rent regulations (see, e.g., Allerton Coops. Tenants Assn. v Biderman, 189 AD2d 249, 253-254) did not confer upon him a compensable property interest in the apartment he tenanted or in the monetary benefits of lifetime enjoyment of rent control status (see, Angleton v Pierce, 574 F Supp 719, 733-734, affd 734 F2d 3, cert denied 469 US 880). In light of the foregoing, it is unnecessary to address the remaining grounds advanced by the condemnor for dismissal of the compensation claim. Concur—Nardelli, J. P., Tom, Andrias, Buckley and Friedman, JJ.